# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>  v.<br><br>MARIA RUBIO-RUBIO,<br><br>                      Defendant. | Case No. 18-mj-03260-WVG-BAS-1<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION** |

## I. INTRODUCTION

On June 19, 2018, Defendant Maria Rubio-Rubio pled guilty to improper entry by an alien in violation of 8 U.S.C. § 1325(a) pursuant to a plea agreement and was immediately sentenced to time served. (ECF No. 19 ("Plea Transcript").)

During the plea colloquy, the Magistrate Judge asked Ms. Rubio-Rubio about the factual basis for her guilty plea:

> The Court: Ms. Rubio, on June 11th, . . . were you an alien and not a citizen of the United States?
>
> Defendant: Correct. True.

> The Court: And did you on that date elude examination and inspection by immigration officials?
>
> Defendant: Yes. Yes, that's true, I came through the mountain.
>
> The Court: And were you found in the United States about one-and-a-half miles north of the United States-Mexican border?
>
> Defendant: Yes.

(Plea Transcript 10:23-11:8.) Defense Counsel did not raise any objections to Ms. Rubio-Rubio's plea before the Magistrate Judge. (*See id.* 10:19-13:25.) Defense counsel requested immediate sentencing, and the Magistrate Judge imposed a time served sentence with no fines, supervised release, or special assessment. (ECF No. 10.)

Ms. Rubio-Rubio now appeals. (ECF No. 12.) She argues her admission that she was an alien—who eluded examination and inspection by immigration officials and was apprehended inside the United States—was an insufficient factual basis to support the charge of knowingly eluding "examination or inspection by immigration officers," *see* 8 U.S.C. § 1325(a)(2). (ECF No. 20.) The Court disagrees and **AFFIRMS** the conviction.

## II.     STANDARD OF REVIEW

This appeal is timely, and this Court has jurisdiction. *See* 18 U.S.C. § 3402; Fed. R. App. P. 58(g)(2)(B). In an appeal from a magistrate judge's judgment of conviction, "[t]he defendant is not entitled to a trial de novo by a district judge." Fed. R. App. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.*

This appeal centers on Federal Rule of Criminal Procedure 11, which governs the process for entering pleas and sets forth requirements for the court's acceptance of a guilty plea. *See* Fed. R. Crim. P. (a), (b). Ms. Rubio-Rubio did not raise an objection under Rule 11 before the Magistrate Judge. "Generally, 'where, as here, the defendant failed to raise the Rule 11 violation before the trial court,'" the court

"review[s] the alleged error under the plain-error standard." *See United States v. Myers*, 804 F.3d 1246, 1256 (9th Cir. 2015); *see also, e.g.*, *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) ("Because Pena did not object below to the Rule 11 colloquy, his conviction may be reversed for Rule 11 error only if the district court committed plain error.").

"Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Chavez-Cuevas*, 862 F.3d 729, 733–34 (9th Cir. 2017). Plain error "is error that is so clear-cut, so obvious, a competent [trial] judge should be able to avoid it without benefit of objection." *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (quoting *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997)).

## III. ANALYSIS

Rule 11 provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(a)(b)(3). The court satisfies this requirement by determining "that the conduct which the defendant admits constitutes the offense charged . . . to which the defendant has pleaded guilty." *United States v. Jones*, 472 F.3d 1136, 1140 (9th Cir. 2007) (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).

Under 8 U.S.C. § 1325(a):

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact

is guilty of a misdemeanor. The statute requires not only proof that an alien is illegally in the United States, but also additional proof as to how an illegal entry was

effected: (1) by entering at a time or place other than that designated by immigration officials, (2) by eluding examination or inspection by immigration officials, or (3) by willfully making a false or misleading statement. *United States v. Leon*, 221 F.3d 1349, 1349 n.2, 2000 WL 564021 (Table) (9th Cir. 2000) (memorandum disposition). Ms. Rubio-Rubio specifically admitted that she eluded examination by immigration officers. (Plea Transcript 11:2-5.)

Defense counsel argues the factual basis for Ms. Rubio-Rubio's guilty plea was insufficient by reading two additional elements into § 1325(a)(2) that are simply not there: (1) that the illegal entry occurred at a port of entry and (2) that the defendant not just knowingly, but intentionally, eluded examination.

First, a defendant eludes inspection when she gains entry into the United States "through an unlawful point" and does not submit to examination at the time of the entry. *See United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193–94 (9th Cir. 1979) (reasoning the defendant committed the offense of eluding inspection at the moment he traversed "the beach between Tijuana and San Ysidro late at night"). Contrary to defense counsel's argument, an individual can elude inspection even if she enters at a point other than a port of entry. According to the Oxford Dictionaries, "elude" means to "[a]void compliance with or subjection to (a law, demand, or penalty)." *Elude*, Oxford Dictionaries, https://en.oxforddictionaries.com/definition/us/elude (last visited Aug. 8, 2018). One who avoids a port of entry and enters illegally without getting caught is avoiding subjection to "examination or inspection by immigration officers." *See* 8 U.S.C. § 1325(a)(2); *see also Rincon-Jimenez*, 595 F.2d at 1193–94.

Ms. Rubio-Rubio admitted to doing exactly that: eluding inspection and examination by immigration officials by entering the United States illegally. (Plea Transcript 11:2–5.) The Court rejects defense counsel's premise that a violation of subsection (a)(2) of § 1325 requires entry at a port of entry. Subsection (a)(1) includes an individual who attempts to enter but is unsuccessful; subsection (a)(2)

only includes an individual—like Ms. Rubio-Rubio—who was successful in avoiding being subjected to "examination or inspection by immigration officers." If Congress had wanted to limit subsection (a)(2) to those who avoided inspection at a port of entry, it could have done so. It did not. *See* 8 U.S.C. § 1325(a); *see also Rincon-Jimenez*, 595 F.2d at 1193 (noting the defendant entered illegally under subsection (a)(2) when he "did not enter at an officially designated border checkpoint").

Second, defense counsel argues that even if Ms. Rubio-Rubio knowingly entered the United States illegally, eluding examination and inspection by immigration officers, this basis was insufficient because there was no inquiry into whether this was done intentionally. Although subsection (a)(3) of § 1325 requires that the individual wilfully make a false or misleading representation or wilfully conceal a material fact, subsection (a)(2) has no similar intent requirement. Nor has the Ninth Circuit read such a requirement into the statute's text. *See Rincon-Jimenez*, 595 F.2d 1193–1194. As the Ninth Circuit succinctly put it, "the offense described" by subsection (a)(2) "is consummated at the time an alien gains entry though an unlawful point and does not submit to . . . examinations" required by law. *Id.* Defense counsel is reading requirements into the statute that simply do not exist.

There was no error in the plea colloquy, and if defense counsel had pointed out his concerns at the time of the plea, perhaps his concerns could have been allayed. *See In re Perez*, 30 F.3d 1209, 1213 (9th Cir. 1994) ("The principal reason we require parties to raise an issue in the trial court is to give that court an opportunity to resolve the matter and, hopefully, avoid error. Also, when matters are first raised in the trial court, it's possible to develop the record as needed to present the issue properly on appeal."). Instead, defense counsel waited until his client had received her time served sentence and then raised this Rule 11 issue after the fact. Although the Court understands defense counsel's frustration with the recently adopted "zero tolerance" policy in this District, the plea colloquy was without error, let alone "plain error."

*See Gonzalez-Aparicio*, 663 F.3d at 428 (defining "plain error" as one "that is so clear-cut, so obvious, a competent [trial] judge should be able to avoid it without benefit of objection").

## IV. CONCLUSION

The plea colloquy in this case complied with Rule 11. The Magistrate Judge assured that there was an adequate factual basis for the plea. *See Jones*, 472 F.3d at 1140. Therefore, the conviction is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: August 8, 2018

Hon. Cynthia Bashant
United States District Judge